FILED
SUPERIOR COURT
OF GUAM

2018 MAR 21 PM 3: 43

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>OMDONG NEMEK NIKEPQI,<br><br>Defendant. | CRIMINAL CASE NO. CM0093-18<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 20, 2018, for hearing on Defendant Omdong Nemek Nikepqi's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha L. Molyneux, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on March 20, 2018, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On February 19, 2018, Defendant was charged with Family Violence (As a Misdemeanor). (Magistrate's Compl., Feb. 19, 2018). This charge stems from allegations that Defendant had been drinking alcohol and slapped his girlfriend's face with a DVD cover. (Decl. of Thomas R. Neuman, Magistrate's Compl., Feb. 19, 2018). On February 28, 2018, at

Arraignment, Defendant asserted his right to speedy trial. Jury Selection and Trial is currently set to commence on April 11, 2018 at 1:30 p.m.

On February 28, 2018, Defendant filed a Motion for Bail Redetermination. Defendant is confined pending the posting of one thousand dollars ($1,000.00) cash bail. *See* Commitment Order, Feb. 19, 2018. The Government did not file a written response to the motion, but orally opposed the motion on March 20, 2018. According to the Government, the victim in this matter also opposes Defendant's release and does not want any contact with Defendant at this time.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance because he is unable to pay the one thousand dollar cash bail. *See generally*, Mot. Bail Redetermination, Feb. 28, 2018.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:
- (i) length of his/her residence on Guam;
- (ii) his/her employment status and history, and financial condition;
- (iii) his/her family ties and relationships;
- (iv) his/her reputation, character and mental and physical condition;
- (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
- (vi) his/her history relating to drug or alcohol abuse;
- (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
- (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing,

*People v. Nikepqi*
Case No. CM0093-18
Decision and Order

appeal or completion of sentence of an offense under Federal, state or local law; and

     (ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twelve year resident of Guam, was employed at the time of his arrest by REX Construction, and has a moderate ORAS score. *See generally*, Mot. Bail Redetermination, Feb. 28, 2018.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community. Although this matter involves a misdemeanor family violence charge with a minor injury, the Court's review of Defendant's criminal history indicates that he has had a history of family violence over the time span of more than ten years with the same victim. In CF0277-06, Defendant plead guilty to Family Violence (As a Misdemeanor); in CF0104-08, Defendant plead guilty to Family Violence (As a Misdemeanor); and in CF0385-12, Defendant plead guilty to Aggravated Assault (As a Third Degree Felony) and Family Violence (As a Misdemeanor). In Defendant's most recent case, CF0385-12, he plead guilty in 2013, was to serve one year imprisonment, and was placed on three years parole. *See* Judgment in CF0385-12, Sep. 5, 2013. Upon his completion of parole, the alleged incident in February 2018 occurred and the instant case was filed.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Pre-Trial Conference is set for March 27, 2018 at 10:00 a.m. Jury Selection and Trial will commence on April 11, 2018 at 1:30 p.m.

**IT IS SO ORDERED,** *nunc pro tunc* to March 20, 2018, this **MAR 2 1 2018** _____.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I hereby ... that a ... of the original ... was p... ed in the court box ...
AG's, PDSC

Date MAR 2 1 2018   4:00pm

Clerk, Superior Court of Guam

*People v. Nikepqi*
Case No. CM0093-18
Decision and Order